982(b), each defendant shall forfeit substitute property, up to the value of the amount described in paragraph 1, if, by any act or omission of the defendant, the property described in paragraph 1, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty. Such property includes, but is not limited to:

- a. real property and buildings located at 115 Mayfair Avenue, Springfield, MA;
- b. real property and buildings located at 56 Stage Island Road, Chatham, MA; and,
- c. real property and buildings located at 518 Old Farm Road, Amherst, MA.

All in accordance with Title 18, United States Code, Section 982(a)(1), and Rule 32.2(a), Federal Rules of Criminal Procedure.

**CRIMINAL FORFEITURE ALLEGATION (CONSPIRACY TO COMMIT THEFT AGAINST THE GOVERNMENT): (18 U.S.C. §981(a)(1)(C), 28 U.S.C. §2461)**

The Grand Jury further charges that:

149. As a result of committing the offenses alleged in Count 85 of this indictment, conspiracy to commit theft against the government, in violation of 18 U.S.C. §371 and §641, the defendants herein, if convicted, shall forfeit to the United States, pursuant to 18 U.S.C. §981(a)(1)(C) and 28 U.S.C. §2461, any and all property constituting or derived from any proceeds traceable to the violations.

150. The property subject to forfeiture includes, but is not limited to, at least $2,000,000.00. This property includes, but is not limited to, the following:

   a. Property stolen from the Springfield Housing Authority, including, but not limited to employee time and Springfield Housing Authority's property right to honest services, as referenced in Racketeering Acts 162 through 240 and overt acts 69 through 88 of Count 85; and,

   b. The value of Springfield Housing Authority's property right to the honest services of its employees, including, but not limited, to the value of the wages of its Executive Director and its Assistant Executive Director of Maintenance from at least 1988 through April, 2003, converted to the personal use of the defendants and their associates.

151. If any of the above-described forfeitable property, as a result of any act or omission of the defendants –

142

 (a) cannot be located upon the exercise of due diligence;

 (b) has been transferred or sold to, or deposited with, a third party;

 (c) has been placed beyond the jurisdiction of the Court;

 (d) has been substantially diminished in value; or

 (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. §853(p), as incorporated by 28 U.S.C. §2461(c), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property. Such property includes, but is not limited to:

 a. real property and buildings located at 115 Mayfair Avenue, Springfield, MA;

 b. real property and buildings located at 56 Stage Island Road, Chatham, MA;

 c. real property and buildings located at 811 Dickinson Street, Springfield, MA;

 d. real property and buildings located at 48 Webber Street, Springfield, MA;

 e. $240,000.00 in cash located in a briefcase seized from 140 Sallie Circle, Ludlow, MA;

 f. $3,650.00 in cash seized from 115 Mayfair Avenue, Springfield, MA;

 g. 2002 BMW 325CiC, VIN WBABS3344JY59363;

 h. twenty-three foot Chaparral 235SSi boat;

 i. lots of land and situated on Little Diamond Island, in Cumberland County, Portand ME; and,

      j.   time share in Aruba held by Arthur Sotirion.

All in accordance with Title 18, United States Code, Sections §981(a)(1)(C) and 28 U.S.C. §2461 and Rule 32.2(a), Federal Rules of Criminal Procedure.

**Notice of Additional Factors**

152. The Grand Jury further charges that Counts 1 through 84 involved more than one bribe or extortion, and that the greater of the value of those payments, the benefit received or to be received in return for the payment, or the loss to the government exceeded $2,500,000.00. Accordingly, U.S.S.G. Sections 2E1.1(a)(2), 2C1.1(b)(1) and (2)(A), 2B1.1(b)(1)(J) and 1B1.3 apply to each defendant charged in Counts 1 through 84.

153. The Grand Jury further charges that Count 85 involved a loss that exceeded $2,500,000.00. Accordingly, U.S.S.G. Sections 2B1.1(a) and (b)(1)(J) and 1B1.3 apply to each defendant charged in Count 85.

154. The Grand Jury further charges that Counts 86 through 89 involved a loss that exceeded $30,000.00. Accordingly, U.S.S.G. Sections 2B1.1(a) and (b)(1)(D) and 1B1.3 apply to each defendant charged in Counts 86 through 89.

155. The Grand Jury further charges that Counts 90 through 97 involved a loss or an amount that exceeded $10,000.00. Accordingly, U.S.S.G. Sections 2B1.1(a) and (b)(1)(C) and 1B1.3 apply to each defendant charged in Counts 90 through 94, U.S.S.G. Sections 2B3.3(b), 2B1.1(a) and (b)(1)(C) and 1B1.3 apply to each defendant charged in Counts 95 and 96, and U.S.S.G. Sections 2S1.1(a)(2) and 2B1.1(b)(1)(C) apply to Count 97.

156. The Grand Jury further charges that defendants RAYMOND

ASSELIN, SR. and ARTHUR SOTIRION were an organizer or leader of criminal activity that involved five or more participants or was otherwise extensive in Counts 1 through 89. Therefore, U.S.S.G. Section 3B1.1(a) applies to defendants RAYMOND ASSELIN, SR. and ARTHUR SOTIRION in Counts 1 through 89.

157. The Grand Jury further charges that defendants RAYMOND ASSELIN, SR. was an organizer, leader, manager or supervisor in the commission of Counts 103 and 105. Accordingly, U.S.S.G. Section 3B1.1 applies to defendant RAYMOND ASSELIN, SR. in Counts 103 and 105.

158. The Grand Jury further charges that defendants RAYMOND ASSELIN, SR. and ARTHUR SOTIRION abused a position of public trust in a manner that significantly facilitated the commission or concealment of Counts 1 through 89, and Counts 95 and 96. Accordingly, U.S.S.G. Section 3B1.3 applies to defendants RAYMOND ASSELIN, SR. and ARTHUR SOTIRION in Counts 1 through 89, and Counts 95 and 96.

159. The Grand Jury further charges that defendants RAYMOND ASSELIN, SR., ARTHUR SOTIRION, PETER DAVIS, JANET ASSELIN, JAMES ASSELIN, RAYMOND ASSELIN, JR., and MARIA SERRAZINA willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation of the instant offense of conviction, and that the obstructive conduct related to the defendant's offense of conviction and any

146

relevant conduct. Accordingly, U.S.S.G. Section 3C1.1 applies to defendants RAYMOND ASSELIN, SR., ARTHUR SOTIRION, PETER DAVIS, JANET ASSELIN, JAMES ASSELIN, RAYMOND ASSELIN, JR., and MARIA SERRAZINA in Counts 1 through 84; defendants RAYMOND ASSELIN, SR., ARTHUR SOTIRION, JANET ASSELIN, JAMES ASSELIN, and RAYMOND ASSELIN, JR. in Count 85; and defendant JANET ASSELIN in Counts 86 through 89.

160. The Grand Jury further charges that Counts 108 through 117 involved a tax loss exceeding $400,000.00. Accordingly, U.S.S.G. Sections 2T1.1(a)(1), 2T4.1(H), and 1B1.3 apply to defendants RAYMOND ASSELIN, SR., ARTHUR SOTIRION, and JANET ASSELIN.

161. The Grand Jury further charges that Counts 118 through 122 involved a tax loss exceeding $80,000.00. Accordingly, U.S.S.G. Sections 2T1.1(a)(1), 2T4.1(F), and 1B1.3 apply to defendant PAUL BANNICK.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY


_____
Assistant United States Attorney


DISTRICT OF MASSACHUSETTS: _____January 11_____, 2005

Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK OF THE COURT

148