```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,         )   CR-N-04-30033-MAP
                                  )
                Plaintiff,        )
                                  )
        vs.                       )
                                  )
PETER DAVIS,                      )
                                  )
                Defendant.        )
```

**GOVERNMENT'S RESPONSE TO DEFENDANT DAVIS'S MOTION IN LIMINE NO. 2**

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, William M. Welch II, Assistant United States Attorney, and Steven H. Breslow, Assistant United States Attorney, hereby files this response to defendant Davis's Motion in Limine No. 2 Re: Evidence of Cash Seized from the Home of Co-Defendant Maria Serrazina.  This motion in limine should be denied because the cash is direct evidence of a pattern of racketeering activity, an essential element of the RICO charges, and corroborative evidence of several of the Government's main cooperating witnesses.

The Government has charged defendant Davis in Count 1 with RICO and in Count 2 with RICO Conspiracy.  The defendant also has been charged with Conspiracy to Commit Federal Bribery in Count 3 and Obstruction of Justice in Count 107, in which the defendant

1

falsely denied some of his bribery conduct on April 10, 2003. Counts 1 and 2 allege that the racketeering activity lasted from 1988 through April, 2003. See Superseding Indictment, ¶¶ 36, 56.

The essential elements of Count 1, RICO, require the United States to prove the following:

1. The existence of an enterprise;

2. The enterprise engaged in activities which affected interstate commerce;

3. The defendant was employed by or associated with the enterprise;

4. The defendant engaged in a pattern of racketeering racketeering activity; and

5. The defendant participated in the conduct of the affairs of the enterprise through a pattern of racketeering activity.

United States v. Connolly, 341 F.3d 16, 25-28 (1st Cir. 2003); United States v. Boylan, 898 F.2d 230, 241 (1st Cir. 1990); United States v. Angiulo, 847 F.2d 956 (1st Cir. 1988).

The essential elements of Count 2, RICO Conspiracy, require the United States to prove the following:

1. The five elements of a substantive RICO violation;

2. An agreement between the defendant and at least one other person.

United States v. Salinas, 522 U.S. 52, 63 (1997).

A pattern of racketeering activity is "an arrangement or order of things or activity . . . It is not the number of predicates, but the relationship that they bear to each other or

to some external organizing principal that renders them ordered or arranged." H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 238, 240 (1989); United States v. Gelb, 881 F.2d 1155 (2d Cir. 1989). To be part of the same pattern, the racketeering acts must be "related" and must "amount to or pose a threat of continued activity." Sedima, S.P.R.L. v. Imrex Co. Inc., 473 U.S. 479, 496 n.14 (1985); H.J. Inc., 492 U.S. at 240-43.

The "continuity" requirement may be satisfied either by a "closed period of repeated conduct . . . extended over a substantial period of time," or to "past conduct that by its nature projects into the future with a threat of repetition." Id. at 242-43. The First Circuit has stated that "it is `difficult to formulate in the abstract any general' test for the continuity required for a pattern.'" Connolly, 341 F.3d at 29 (citing Apparel Art Int'l v. Jacobson, 967 F.2d 720, 722 (1st Cir. 1992)). Instead, the First Circuit has employed a "commonsense, everyday understanding of RICO's language and Congress' gloss on it." Connolly, 341 F.3d at 29.

To sustain its burden of proof on Counts 1 and 2 against defendant Davis, the Government must prove the "continuity" required for a pattern of racketeering activity. This means that the Government must introduce enough predicate acts of bribery through April, 2003 to convince the jury that the SHA bribery scheme "amount[ed] to or pose[d] a threat of continued activity."

The cash found at co-defendant Maria Serrazina's house is direct evidence of that continuity. Defendant Davis' suggestion that "[t]he cash found at the home of Ms. Serrazina relates to charges" of conversion is wrong and misleading. See Motion, pg. 1. The cash in fact is direct evidence of the bribery scheme.

As identified in the Superseding Indictment, a copy of which defendant Davis has had since January, 2005, a number of separate SHA contractors have paid cash bribes to Asselin, Sr. and Sotirion. For example, Manny's Plumbing & Heating paid a series of cash bribes to Asselin, Sr. and Sotirion beginning in September, 2000. See Superseding Indictment, Predicate Acts 90 and 91. Paul A. Bannick paid a series of cash bribes to Asselin, Sr. and Sotirion from 1996 through 2002. See Superseding Indictment, Predicate Acts 122 through 132. A minority SHA subcontractor paid a series of cash bribes to Asselin, Sr. and Sotirion from 1998 through 2002. See Superseding Indictment, Predicate Acts 144 through 148.

The $240,000.00 in cash found at co-defendant Maria Serrazina's residence on September 27, 2002 is direct evidence of the cash bribes being made.[1] Since the $240,000.00 in cash proves

---

[1] A prosecution witness will testify that the $240,000.00 in cash originally had been located in a safe in Asselin, Sr.'s residence at 115 Mayfair Avenue. This prosecution witness knew that Asselin, Sr. maintained a cash hoard in his safe. The witness will testify that after search warrants had been executed at the residence of James Asselin in May, 2002 as part of the GSEF investigation, Asselin, Sr. became concerned that 115

the commission of charged and uncharged predicate acts, the cash is also direct evidence of the pattern of racketeering activity and the continuity prong of that essential element.

Of course, when "evidence relates to the central issue in a case, it is a difficult matter indeed to show that the prejudicial effect of that evidence substantially outweighs its highly probative nature, as Rule 403 requires." Rubert Torres v. Hospital San Pablo, Inc., 205 F.3d 472, 479 (1st Cir. 2000). "[T]he more essential the evidence, the greater its probative value, and the less likely a trial court should order the evidence excluded." United States v. King, 713 F.2d 627, 631 (11th Cir. 1983). See also United States v. Cruz-Kuilan, 75 F.3d 59, 61 (1st Cir. 1996)(stating that "it would be surpassingly difficult to justify a finding of unfair prejudice" stemming from the introduction of evidence "so tightly linked to guilt as defined by" the offense's elements.). Since the cash proves an essential element of the charged crimes, there is no unfair prejudice caused by the admission of this evidence under Rule 403.[2]

---

Mayfair Avenue would be searched. Therefore, Asselni, Sr. re-located the $240,000.00 in cash to the attic of co-defendant Maria Serrazina. This witness also will testify that Sotirion removed $47,000.00 in cash from the safe prior to the re-location of the cash to co-defendant Maria Serrazina's residence.

[2]The fact that defendant Davis may not have known about the cash is irrelevant. Co-conspirators often do not know each and every detail of a conspiracy, and the Government fully anticipates that the court will be instructing the jury accordingly.

It is particularly important that the Government establish the continuity of the racketeering activity through at least September, 2002.  As charged in Count 107, defendant falsely denied some of his bribery conduct during an interview with FBI Special Agents on April 10, 2003.  The fact that the RICO enterprise posed a future threat of continued activity as late as September, 2002 links defendant Davis's obstructive conduct to the overarching racketeering enterprise and establishes how and why his obstructive conduct facilitated and furthered the goals of the RICO enterprise. See Superseding Indictment, ¶26 (stating that "it was an objective of the defendants to conceal the participation in and enrichment of its members and persons associated with the Enterprise from the criminal activity by . . . advising potential witnesses not to tell the truth).

Finally, several cooperating witnesses who paid cash bribes will establish either directly or inferentially that defendant Davis paid bribes to Asselin, Sr. and Sotirion to secure business and receive preferential treatment from SHA.  The Government anticipates that these witnesses will be vigorously cross-examined, their credibility questioned, and their veracity attacked.  The discovery of the $240,000.00 in cash serves as corroborative evidence of the testimony of these witnesses and bolsters their testimony before the jury.  As defendant Davis correctly noted, cash transactions are commonly associated with

illegal activity, and its lack of traceability explains why some of the SHA contractors paid Asselin, Sr. and Sotirion in the form of cash.  Therefore, the mere fact that the Government has found direct evidence of the payment of cash bribes makes the cash even more important as corroborative evidence.

To be sure, the Government intends to maintain its focus on defendant Davis during this trial and does not intend to introduce each and every predicate act of bribery that may have occurred during the years 2000, 2001, and 2002.  Nonetheless, the Government must meet its burden of proving "continuity" beyond a reasonable doubt, and the evidence of the $240,000.00 in cash is an important part of that proof.

For the foregoing reasons, the Government respectfully asks that the court deny defendant Davis's Motion in Limine No. 2 re: Evidence of Cash seized from the Home of Co-defendant Maria Serrazina.

Filed this 25th day of August, 2006.

                      Respectfully submitted,

                      MICHAEL J. SULLIVAN
                      United States Attorney

                      /s/ William M. Welch II
                      WILLIAM M. WELCH II
                      Assistant United States Attorney

CERTIFICATE OF SERVICE

Hampden,  ss.                           Springfield, Massachusetts
                                        August 25, 2006


      I, William M. Welch, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by electronically filing and mailing said motion to:

James C. Rehnquist, Esq.
Goodwin Proctor & Hoar
Exchange Place
Boston, MA 02109


                                           /s/ William M. Welch II
                                        WILLIAM M. WELCH II
                                        Assistant United States Attorney