UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )
           v.                   )    Criminal No. 04-30033-MAP
                                )
RAYMOND B. ASSELIN, et al.,     )
           Defendants.          )

### PRELIMINARY ORDER OF FORFEITURE

**PONSOR, D.J.,**

WHEREAS, on January 11, 2005, a federal grand jury sitting
in the District of Massachusetts returned a one hundred and
twenty-two-count Superseding Indictment charging Raymond B.
Asselin,  Janet K. Asselin, and others with the following
violations, inter alia: Racketeering, in violation of 18 U.S.C. §
1962(c) (Count One); Conspiracy to Commit Racketeering, in
violation of 18 U.S.C. § 1962(d) (Count Two); Conspiracy to
Commit Theft Against the Government, in violation of 18 U.S.C. §§
371 and 641 (Count Eighty-Five); and Filing False Income Tax
Returns, in violation of 26 U.S.C. § 7206(1) (Count One Hundred
and Nine);

WHEREAS, the Superseding Indictment also included forfeiture
allegations, giving the defendants notice that the United States
sought forfeiture pursuant to 18 U.S.C. § 1963(a) as to those
defendants convicted of the racketeering charges in Counts One
and Two, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. §
2461(c) as to those defendants convicted of the theft charge in
Count Eighty-Five;

WHEREAS, the following assets were named as either directly forfeitable to the United States pursuant to 18 U.S.C. § 1963(a), or as substitute assets subject to forfeiture pursuant to 18 U.S.C. § 1963(m) and 21 U.S.C. § 853(p), incorporated by reference in 28 U.S.C. § 2461(c):

      a.   one 2002 BMW 325CiC, VIN WBABS3344JY59363 ("the BMW");

      b.   one twenty-three foot Chaparral 235SSi boat ("the Boat"); and

      c.   the real property located at 56 Stage Island Road, Chatham, Massachusetts, being the same premises as described in a deed recorded in the Barnstable County Land Court in Certificate of Title 160,210 (the "Real Property");

WHEREAS, on August 29, 2006, defendant Raymond B. Asselin plead guilty to Counts One, Two and One Hundred and Nine of the Superseding Indictment, and defendant Janet K. Asselin plead guilty to Counts Eighty-Five and One Hundred and Nine of the Superseding Indictment;

WHEREAS, defendants Raymond B. Asselin and Janet K. Asselin admit that the BMW and the Boat are subject to forfeiture pursuant to 18 U.S.C. § 1963(a) as they constitute, or are derived from, proceeds of defendant Raymond B. Asselin's unlawful racketeering activity charged in Counts One and Two of the Superseding Indictment;

WHEREAS, some of the specific assets that constitute or were derived from proceeds traceable to the commission of the offenses

2

to which defendants Raymond B. Asselin and Janet K. Asselin pled guilty are no longer available for forfeiture for one or more of the reasons set forth in 18 U.S.C. § 1963(m) and 21 U.S.C. § 853(p), incorporated by reference in 28 U.S.C. § 2461(c); and

WHEREAS, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure, 18 U.S.C. § 1963(a) and (m), and 28 U.S.C § 2461(c), the United States is now entitled to a preliminary order of forfeiture, forfeiting the Defendants' interest in the BMW, the Boat and the Real Property.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.    The United States' Motion for a Preliminary Order of Forfeiture is allowed.

2.    The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the government has established the requisite nexus between the BMW and the Boat, and the offenses to which defendant Raymond B. Asselin pled guilty. The Court further finds that the government is entitled to forfeiture of the Real Property as a substitute asset pursuant to 18 U.S.C. § 1963(m) and 21 U.S.C. § 853(p), incorporated by reference in 28 U.S.C. § 2461(c).  Accordingly, all of defendants Raymond B. Asselin's and Janet K. Asselin's interests in the BMW, the Boat and the Real Property are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. §§ 1963 and 981, and 28 U.S.C. § 2461(c).

3.    The United States Marshals Service shall seize and hold the BMW, the Boat and the Real Property in its secure custody and control.

4.    Upon the issuance of this Preliminary Order of Forfeiture and pursuant to 18 U.S.C. § 1963(l) and 21 U.S.C. § 853(n), as incorporated by reference in 28 U.S.C. § 2461(c), the United States Marshals Service will publish at least once for three successive weeks in a newspaper of general circulation, notice of this Preliminary Order, notice of the United States' intent to dispose of the BMW, the Boat and the Real Property in such manner as the Attorney General or his designee may direct, and notice that any person, other than the defendants, having or claiming a legal interest in the BMW, the Boat or the Real Property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the BMW, the Boat or the Real Property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited BMW, Boat or Real Property and any additional facts supporting the petitioner's claim and the relief sought.  The United States may also, to the extent practicable, provide direct written notice to

4

any person known to have alleged an interest in the BMW, the Boat
or the Real Property  that is the subject of the Preliminary
Order of Forfeiture, as a substitute for published notice as to
those persons so notified.

    5.    Pursuant to 18 U.S.C. § 1963(l) and 21 U.S.C. § 853(n),
as incorporated by reference in 28 U.S.C. § 2461(c), following
the Court's disposition of all petitions filed under this
subsection, or if no such petitions are filed following the
expiration of the period provided for the filing of such
petitions, the United States of America shall have clear title to
the BMW, the Boat and the Real Property.  At that time, the Court
shall enter a Final Order of Forfeiture addressing all alleged
interests in the BMW, the Boat and the Real Property.

    6.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of
Criminal Procedure, this Preliminary Order of Forfeiture will
become final as to the defendants at the time of his sentencing,
will be part of the defendants' criminal sentences, and will be
included in the criminal judgments entered by this Court against
them.

                                    _Michael A. Ponsor_

                                    MICHAEL A. PONSOR
                                    United States District Judge

Date: Feb. 15, 2007

5